UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Vincent Hopkins,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   vs. | )    Case No.:1:14-cv-122 |
| | ) |
| **First Financial Asset Management, Inc.,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Vincent Hopkins, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, First Financial Asset Management, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 230 Peachtree Street, Suite 1700, Atlanta, GA 30303

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana.  *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On or about October 28, 2012, the Plaintiff received a bill from Best Buy, the original creditor for the debt at issue in this case. *See Exhibit "2" attached hereto.*

27. The total amount due listed as owed on the October 28, 2012 letter is $1,407.90. *See Exhibit "2" attached hereto.*

28. On November 5, 2012, the Defendant sent the Plaintiff a dunning letter regarding the same Best Buy debt. *See Exhibit "3" attached hereto.*

29. The November 5, 2012, letter stated that the debt to Best Buy, "HAS BEEN PLACED WITH THIS OFFICE FOR COLLECTION." *See Exhibit "3" attached hereto.*

30. The "Current Balance" on the dunning letter sent by the Defendant was $1,407.90. *See Exhibit "3" attached hereto.*

31. On January 29, 2013, the Defendant set the Plaintiff another dunning letter in an attempt to collect the same debt to Best Buy. *See Exhibit "3" attached hereto.*

32. The "Account Balance" on the January 29, 2013 dunning letter sent by the Defendant was $1,525.67. *See Exhibit "3" attached hereto.*

33. However, Best Buy, the original creditor to this debt, also sent the Plaintiff a letter stating the balance of the debt as of January 28, 2013, was 1,914.40. *See Exhibit "3" attached hereto.*

34. The Defendant therefore misrepresented the amount of the debt to the Plaintiff in its January 29, 2013 dunning letter.

35. In fact, Best Buy, the original creditor to this debt, had continued to send letters to the Plaintiff consistently between November 5, 2012, and January 29, 2013.

36. Therefore, the Defendant misrepresented to the Plaintiff that the debt, "[had] BEEN PLACED WITH [Defendant] FOR COLLECTION", as the original creditor had continued to attempt to collect the debt itself.

37. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:
Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 37 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C.§ 1692e by misrepresenting the amount owed by the Plaintiff when it sent the Plaintiff a letter stating an amount owed higher than the bill the original creditor.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by alleging that it was able to collect the debt when in fact the original creditor had continued on its own to attempt to collect the debt.

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by misrepresenting to the Plaintiff that it was able to collect the debt when in fact the original creditor had continued on its own to collect the debt.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

7. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

8. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com